**[Cite as *State v. Woodley*, 2026-Ohio-2618.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | Nos. 24AP-678 (C.P.C. No. 20CR-1580) |
| v. | : | |
| Jamal F. Woodley, Sr., | : | 24AP-679 (C.P.C. No. 20CR-5528) |
| Defendant-Appellant. | : | and |
| | : | 24AP-680 (C.P.C. No. 22CR-5196) |
| | : | |
| | : | (REGULAR CALENDAR) |
| | : | |

D E C I S I O N

Rendered on July 9, 2026

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee. **Argued:** *Kimberly M. Bond*.

**On brief:** *The Law Office of Eric J. Allen, Ltd.*, and *Eric J. Allen*, for appellant. **Argued:** *Eric J. Allen*.

APPEALS from the Franklin County Court of Common Pleas

BOGGS, P.J.

{¶ 1} Defendant-appellant, Jamal F. Woodley, Sr., appeals his convictions in the Franklin County Court of Common Pleas for various drug offenses following his no-contest pleas in three separate cases. For the following reasons, we affirm the trial court's judgments.

## I.  FACTS AND PROCEDURAL BACKGROUND

{¶ 2}   On April 3, 2020, Woodley was arrested and indicted in case No. 20CR-1580 on ten felony drug offenses alleged to have occurred on or about December 1, 2019.[1]  He pled not guilty.  Trial in that case was originally scheduled for July 2, 2020, but a long string of continuances ensued.

{¶ 3}   While case No. 20CR-1580 remained pending, Woodley was indicted on November 20, 2020 in a second case—case No. 20CR-5528—for possession of heroin, possession of a fentanyl-related compound, possession of cocaine, and aggravated possession of drugs, all with forfeiture specifications.  Those offenses were alleged to have occurred on or about July 6, 2020, while Woodley was released on bond in case No. 20CR-1580.  Woodley pled not guilty to the offenses.

{¶ 4}   In his third case, case No. 22CR-5196, Woodley was indicted on November 4, 2022, on 11 felony offenses, including tampering with evidence, aggravated trafficking and aggravated possession of drugs with specifications, tracking and possession of a fentanyl-related compound with specifications, and trafficking and possession of cocaine with specifications.  Those offenses were alleged to have occurred on or about March 24, 2022, again while Woodley was out on bond in his prior cases.  Woodley pled not guilty.

{¶ 5}   The cases thereafter proceeded concurrently in the trial court.

{¶ 6}   Woodley was in and out of custody throughout the lengthy pretrial process. He was initially released on bond on April 8, 2020 in case No. 20CR-1580.  After the events giving rise to case No. 20CR-5528, the trial court revoked his bond, increased the bond amount, and granted Woodley house arrest.  The docket indicates the court revoked Woodley's bond again on May 20, 2021, but reinstated house arrest on August 4, 2021.  The trial court again revoked Woodley's bond on March 28, 2022, after the events giving rise to case No. 22CR-5196.

{¶ 7}   Woodley has been represented by numerous attorneys throughout these proceedings.  Woodley was initially represented by Larry W. Thomas, but on November 28, 2022, with his cases called for trial, Woodley requested new counsel, and the trial court appointed Frederick D. Benton to represent him.  On June 1, 2023, attorney Benton

---

[1] The indictment was subsequently amended to change the date of the offenses from December 1, 2019 to January 2, 2020.

expressed his belief that Woodley's assertion of a speedy-trial violation had created a conflict of interest. Four days later, the trial court appointed Touré McCord to represent Woodley. At the scheduled trial date of September 25, 2023, Woodley expressed his intention of discharging McCord, whom the trial court allowed to withdraw as counsel. The trial court appointed the Franklin County Public Defender's Office to represent Woodley on September 26, 2023, and attorneys Catherine Kurila and Evan Poole entered their appearances as counsel the next day. On January 3, 2024, in advance of a scheduled trial date of January 16, 2024, Woodley requested that Kurila and Poole be discharged as his counsel. On January 31, 2024, the trial court allowed the Public Defender's Office to withdraw and appointed attorney Keith Edwards to represent Woodley. Edwards remained Woodley's attorney at the time of his no-contest pleas and sentencing.

{¶ 8} On October 18, 2023, Woodley's fourth counsel filed a motion on Woodley's behalf to dismiss case Nos. 20CR-1580 and 20CR-5528 for violations of his statutory and constitutional rights to a speedy trial. Woodley argued there had been 27 continuances between July 2, 2020, the originally scheduled trial date in case No. 20CR-1580, and October 16, 2023. He claimed he had not authorized his counsel to waive his speedy-trial rights and that, once he learned his counsel had been waiving his speedy-trial rights with each continuance, he expressly refused to sign continuances and waiver-of-rights entries. He claimed 1,291 days had elapsed since his arrest in case No. 20CR-1580; 879 days had elapsed since his initial court date in case No. 20CR-5528; and 322 days had elapsed since his initial court date in case No. 22CR-5196.

{¶ 9} The state opposed Woodley's motion to dismiss, arguing there had been no violation of either Woodley's statutory or constitutional right to a speedy trial. The state argued that the 270-day timeframe in which it was required to bring Woodley to trial under R.C. 2945.71(C)(2) had not expired. Indeed, the state argued that only 20 days of speedy-trial time chargeable to the state had run in case No. 20CR-1580, and only 23 days had run in case No. 20CR-5528. The state argued that Woodley's lack of consent to his counsel's continuance requests and waivers of speedy-trial time was irrelevant, as defense counsel may waive speedy-trial time without the defendant's consent. The state further argued that, even if the statutory speedy-trial time had run, dismissal was not warranted under the recently amended version of R.C. 2945.73, which affords the state a 14-day savings period

before dismissal may be granted. The state also argued that Woodley failed to demonstrate a violation of his constitutional speedy-trial right under *Barker v. Wingo*, 407 U.S. 514 (1972), in part because much of the delay, including delays caused by multiple bond and motion hearings, multiple changes of defense counsel, and numerous defense-requested continuances, was attributable to Woodley. It also noted that 186 days of delay were necessitated by court closures precipitated by the COVID-19 pandemic.

{¶ 10} Following an oral hearing, the trial court denied Woodley's motion to dismiss on November 21, 2023.

{¶ 11} On October 15, 2024, pursuant to a plea deal with the state, Woodley pled no-contest to aggravated trafficking in drugs in case No. 20CR-1580, to possession of heroin with a forfeiture specification in case No. 20CR-5528, and to tampering with evidence and aggravated trafficking in drugs with a forfeiture specification in case No. 22CR-5196. As part of the plea deal, the state agreed to dismiss the remaining charges. At the plea hearing, the trial court questioned whether proceedings Woodley had initiated in federal court during the pendency of his state criminal cases had any effect on its authority to accept Woodley's pleas and sentence him. Defense counsel indicated that, if the federal case remained pending, Woodley "would consent to this Court's jurisdiction. . . . My understanding is that the case has or is set to be dismissed, so he's willing to consent and admit that this Court has jurisdiction." (Oct. 15, 2024 Tr. at 2.) The parties jointly recommended sentences, which the trial court imposed after engaging in a colloquy with Woodley and accepting his no-contest pleas. The aggregate of Woodley's sentences is an indefinite period of incarceration with a minimum of ten years.

{¶ 12} Woodley filed timely notices of appeal, and this court sua sponte consolidated his appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 13} Woodley raises five assignments of error for this court's review:

> [1.] Appellant was provided ineffective assistance of counsel as guaranteed by the Sixth Amendment, made applicable to the state of Ohio by the Fourteenth Amendment, and the standard set forth by the United States Supreme Court in Strickland v. Washington[.]

[2.] The waiver entered by the appellant of subject-matter jurisdiction was invalid[.]

[3.] The court lacked subject-matter jurisdiction making any conviction and sentence [void.]

[4.] The trial court violated appellant's right to a speedy trial in violation of his rights under the state and federal constitution as well as the state statute[.]

[5.] The plea in this matter was not entered knowingly[.]

(Capitalization omitted.)  (Appellant's Brief at 1.)

## III.  DISCUSSION

### A.  Assignments of Error Nos. 2, 3, and 5

{¶ 14} For ease of discussion, we address Woodley's assignments of error out of order.  We begin with the second, third, and fifth assignments of error, which involve Woodley's contention that the trial court lacked subject-matter jurisdiction over his cases and, therefore, lacked authority to accept his no-contest pleas, to find him guilty, and to sentence him.  In his third assignment of error, Woodly claims the trial court lacked subject-matter jurisdiction.  In his second assignment of error, he claims a defendant cannot waive a court's lack of subject-matter jurisdiction.  In his fifth assignment of error, he claims he did not knowingly enter his no-contest pleas because of the alleged lack of subject-matter jurisdiction.  While we agree with Woodley that a defendant cannot waive a court's lack of subject-matter jurisdiction, *see State v. Wilson*, 73 Ohio St.3d 40, 46 (1995), we disagree with his contention that the trial court lacked subject-matter jurisdiction over his cases.

{¶ 15} The Supreme Court of Ohio has described subject-matter jurisdiction as follows:

> Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11-12, 34. "It is a 'condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void.' " *Id.* at ¶ 11, quoting *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75, 1998-Ohio-275, 701 N.E.2d 1002 (1998). "A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a

particular case." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19. Rather, the focus is on whether the forum itself is competent to hear the controversy. *See* 18A Wright, Miller & Cooper, *Federal Practice and Procedure*, Section 4428, at 6 (3d Ed.2017) ("Jurisdictional analysis should be confined to the rules that actually allocate judicial authority among different courts").

*State v. Harper*, 2020-Ohio-2913, ¶ 23.

{¶ 16} Article IV, Section 4(B) of the Ohio Constitution grants the General Assembly exclusive authority to allocate certain subject matters to the exclusive, original jurisdiction of the courts of common pleas. *Id.* at ¶ 24, citing *State v. Aalim*, 2017-Ohio-2956, ¶ 2. In R.C. 2931.03, the General Assembly granted common pleas courts exclusive, original subject-matter jurisdiction over felony criminal cases. *Id.* at ¶ 25, citing *Smith v. Sheldon*, 2019-Ohio-1677, ¶ 8. Once a court has jurisdiction over both the subject matter of an action and the parties to it, the right to hear and determine the action is perfected. *Id.* at ¶ 26. " ' "[T]he decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred * * *." ' " (Asterisks added in *Pizza*.) *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 12, quoting *State ex rel. Pizza v. Rayford*, 62 Ohio St.3d 382, 384 (1992), quoting *Sheldon's Lessee v. Newton*, 3 Ohio St. 494, 499 (1854). When a court acts in the absence of subject-matter jurisdiction, the court's actions are void. *Id.* at ¶ 11-12. On the other hand, when an action falls within a court's subject-matter jurisdiction, an error in the exercise of that jurisdiction renders the judgment only voidable, not void. *Harper* at ¶ 26, citing *Pratts* at ¶ 12, 21.

{¶ 17} The basis of Woodley's claim that the trial court lacked subject-matter jurisdiction is the existence of related, civil actions Woodley had filed in federal court while his criminal cases were pending below. Woodley's federal litigation was referenced at least twice in the proceedings now on appeal, at hearings on October 9 and 15, 2024, but Woodley's federal filings are not part of the appellate record before this court.

{¶ 18} Decisions from the United States District Court for the Southern District of Ohio reveal that Woodley filed two pro se civil actions in federal court: (1) a petition for a writ of habeas corpus and (2) a complaint against various individuals involved in his criminal cases, including the judge, prosecutor, defense attorneys, and a Franklin County Sheriff's Chief Deputy, alleging violations of his civil rights. *See Woodley v. Young*, 2024

U.S. Dist. LEXIS 148705, *1, f.n. 1 (S.D.Ohio Aug. 20, 2024); *Woodley v. Young*, 2025 U.S. Dist. LEXIS 88135, *1 (S.D.Ohio May 8, 2025); *Woodley v. Young*, 2024 U.S. Dist. LEXIS 220414 (S.D.Ohio Dec. 5, 2024).

{¶ 19} In the habeas case, a magistrate issued a report and recommendation on August 29, 2024, recommending that the district court dismiss Woodley's petition without prejudice for lack of exhaustion of state remedies and because the requested relief— dismissal of his state criminal charges—is unavailable in a pretrial petition for habeas corpus. *Woodley*, 2024 U.S. Dist. LEXIS 148705, at *6. The district court adopted the magistrate's report and dismissed Woodley's petition without prejudice on May 8, 2025. A federal magistrate also recommended that the district court dismiss Woodley's civil rights complaint, because: release from confinement is not an available remedy under 42 U.S.C. § 1983; Judge Young is entitled to absolute judicial immunity; the prosecutor is entitled to absolute prosecutorial immunity; defense counsel are not state actors; and the complaint contained no factual allegations about the Chief Deputy or defendants Woodley attempted to add in an amended complaint. *Woodley v. Young*, 2024 U.S. Dist. LEXIS 103670 (S.D.Ohio June 11, 2024). The district court adopted the magistrate's report and recommendation and dismissed Woodley's civil-rights complaint on December 5, 2024. *Woodley*, 2024 U.S. Dist. LEXIS 220414, at *6.

{¶ 20} At the hearing in the trial court on October 9, 2024, both parties expressed their intention that Woodley's criminal cases would proceed to trial as scheduled on October 28, 2024 despite the fact that Woodley's federal cases had not yet been dismissed. When the parties were again before the trial court about a week later for Woodley to enter his no-contest pleas, the judge asked about the effect of the federal-court proceedings on the trial court's jurisdiction. Defense counsel stated:

> [I]f that case is still pending in federal court, Mr. Woodley would consent to this court's jurisdiction. He has requested the federal court remand that case to the State, though that's not possible because it didn't come from the State. My understanding is that case has or is set to be dismissed, so he's willing to consent and admit that this Court has jurisdiction.

(Oct. 15, 2024 Tr. at 2.) The state did not challenge the trial court's exercise of jurisdiction.

{¶ 21} Despite the trial court's concern about jurisdiction, missing from Woodley's argument under his second and third assignments of error is any legal authority for his

assertion that his pro se filings in federal court divested the trial court of subject-matter jurisdiction over his criminal cases. The United States Supreme Court has repeated "time and time again" that, except "under very special circumstances," federal courts may not enjoin pending proceedings in state courts. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Rather, an " 'accused should first set up and rely upon his defense in the state courts.' " *Id.*, quoting *Fenner v. Boykin*, 271 U.S. 240, 244 (1926). Indeed, when the district court adopted the magistrate's recommendation to dismiss Woodley's habeas petition, it acknowledged Woodley's no-contest pleas and the imposition of his state sentence, while the federal cases were pending, without any suggestion that the pending federal cases precluded those proceedings in state court. *See Woodley*, 2025 U.S. LEXIS 88135, at * 2.

{¶ 22} Far from precluding ongoing proceedings in state court, Woodley's habeas petition was dependent upon his exhaustion of his remedies in state court. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-490 (1973). The exhaustion doctrine:

> "preserves the role of the state courts in the application and enforcement of federal law [as well as the] orderly administration of state judicial business, preventing the interruption of state adjudications by federal habeas proceedings. It is important that petitioners reach state appellate courts, which can develop and correct errors of state and federal law and most effectively supervise and impose uniformity on the trial courts." Note, *Developments in the Law – Federal Habeas Corpus*, 83 Harv. L. Rev. 1038, 1094 (1970).

*Id.* at 490-491. The district court dismissed Woodley's habeas petition, in part, because he had not exhausted his state-court remedies; in particular, Woodley did not appeal the trial court's denial of his motion to dismiss for speedy-trial violations. *See Woodley v. Young*, 2024 U.S. Dist. LEXIS 148705, at *4 (S.D.Ohio Aug. 20, 2024.)

{¶ 23} Despite the trial court's apparent confusion about the effect of the pending federal cases on its jurisdiction over Woodley's criminal cases, Woodley cites, and we find, no legal authority upon which to conclude that his federal court filings divested the trial court of subject-matter jurisdiction. *See State ex rel. Mitchell v. Portage Cty. Court of Common Pleas Judge Laurie J. Pittman*, 2022-Ohio-106, ¶ 10 (11th Dist.) ("The trial court acquired subject-matter jurisdiction over this case by the filing of the felony indictment and any subsequent, alleged errors in the acceptance of the plea or its factual basis do not deprive the court of that jurisdiction."). As we cannot conclude that the trial court was

divested of its subject-matter jurisdiction over Woodley's felony cases, whether Woodley could consent to the trial court's jurisdiction or agree to the trial court's exercise of jurisdiction is irrelevant. Further, as the trial court did not lack subject-matter jurisdiction, we reject Woodley's claim under his fifth assignment of error that a lack of subject-matter jurisdiction rendered his no-contest plea unknowing. For these reasons, we overrule Woodley's second, third, and fifth assignments of error.

### B. Assignments of Error Nos. 1 and 4

{¶ 24} Woodley's two remaining assignments of error stem from his contention that he suffered a violation of his speedy-trial rights—a contention he directly raises in assignment of error four. Appeals on speedy-trial grounds present mixed issues of law and fact. *State v. Mixon*, 2009-Ohio-5024, ¶ 5 (10th Dist.), citing *State v. Madden*, 2005-Ohio-4281 (10th Dist.). We must accept the trial court's factual findings if they are based on some competent, credible evidence, but we review de novo the application of law to those facts. *Id.*

{¶ 25} The Supreme Court of Ohio has explained the constitutional and statutory rights to a speedy trial as follows:

> The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. The individual states are obligated under the Fourteenth Amendment to afford a person accused of a crime such a right. *Klopfer v. North Carolina*, 386 U.S. 213, 222-223, 87 S.Ct. 988, 993, 18 L.Ed.2d 1, 7-8 (1967). However, the states are free to prescribe a reasonable period of time to conform to constitutional requirements. *Barker v. Wingo*, 407 U.S. 514, 523, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101, 113 (1972). In response to this constitutional mandate, Ohio has enacted R.C. 2945.71 to 2945.73, which designate specific time requirements for the state to bring an accused to trial.

*State v. Baker*, 1997-Ohio-229, ¶ 8. The General Assembly enacted Ohio's speedy-trial statutes to enforce the constitutional guarantees. *State v. Diallo*, 2013-Ohio-1248, ¶ 8 (10th Dist.), citing *Brecksville v. Cook*, 1996-Ohio-171, ¶ 6 and *State v. Blackburn*, 2008-Ohio-1823, ¶ 10. Those statutory provisions, found in R.C. 2945.71 et seq., are mandatory and require strict compliance. *Id.*, citing *State v. Bayless*, 2002-Ohio-5791, ¶ 16 (10th Dist.).

{¶ 26} The state must bring a defendant arrested on felony charges to trial within 270 days of his arrest, R.C. 2945.71(C)(2), but if the defendant is held in jail in lieu of bail

on the pending charge, each day counts as three days, R.C. 2945.71(E). The time in which a defendant must be brought to trial may be tolled, and therefore extended, by any of the circumstances listed in R.C. 2945.72. Additionally, as with other fundamental rights, a defendant can waive the right to a speedy trial. *State v. Blackburn*, 2007-Ohio-1823, ¶ 17, citing *State v. Adams*, 43 Ohio St.3d 67, 69 (1989). Tolling and waiver are separate concepts that affect speedy-trial rights in different ways. *Id.* at ¶ 16. Unlike waiver, application of the statutory circumstances that extend or toll the time within which an accused must be brought to trial does not involve an intentional relinquishment of the fundamental right. *Id.* at ¶ 17. Tolling occurs by operation of R.C. 2945.72 and "does not necessarily require an informed, tactical decision." *Id.* at ¶ 19. Waiver language is not necessary in a continuance, "because the tolling provisions of R.C. 2945.72 automatically apply regardless of whether [the defendant] also waived time." *Id.* at ¶ 22.

{¶ 27} When a defendant moves for dismissal on the basis that the state has failed to bring him to trial within the time set out in the speedy-trial statutes, the defendant bears the initial burden to make a prima facie showing of a statutory violation. *Mixon* at ¶ 6, citing *State v. Price*, 122 Ohio App.3d 65 (10th Dist. 1997). If the defendant makes a prima facie showing, the burden shifts to the state to prove that some provision of the speedy-trial statutes extended the time in which it was required to bring the defendant to trial. *Id.* Generally, appellate review of claims of statutory speedy-trial violations requires the appellate court " 'to simply count the days as directed in R.C. 2945.71 et seq.' " *Id.*, quoting *State v. DePue*, 96 Ohio App.3d 513, 516 (1994).

{¶ 28} There is no dispute that Woodley made a prima facie showing of a statutory speedy-trial violation, but the state responded that the 270-day statutory timeframe for bringing Woodley to trial had not expired, because of multiple tolling events under R.C. 2945.72 and multiple waivers of Woodley's right to a speedy trial.[2] The state attached to its memorandum in opposition to Woodley's motion to dismiss a chart allocating all the time since Woodley's arrest in case No. 20CR-1580. The state also pointed to Woodley's own acknowledgment that his counsel had signed 27 continuance entries prior to filing the motion to dismiss, all of which the state argued tolled the speedy-trial time. Woodley has

---

[2] The state also argued that a recent amendment to R.C. 2945.73, effective April 4, 2023, no longer permitted automatic dismissal with prejudice for violations of statutory speedy-trial time, but imposed a 14-day savings period that must expire before dismissal may be granted. *See* 134 Am.Sub.S.B. No. 288.

not challenged the state's breakdown of the time, nor has he argued that any of the continuances requested either by his counsel alone or jointly by his counsel and the prosecution were unreasonable. Instead, he argued only that those delays occasioned by his counsel's requests for continuances or the parties' joint requests for continuances, signed by his counsel, should not be counted as tolled time, because his counsel either acted without Woodley's consent or in direct conflict with Woodley's instruction. The state responded that it was irrelevant whether Woodley consented to the continuances, as long as his counsel approved them.

{¶ 29} On appeal, Woodley reiterates his argument that the continuances requested by his counsel did not toll his statutory speedy-trial time, because he did not consent to them and did not authorize his counsel to do so. The entirety of Woodley's analysis under his fourth assignment of error, asserting a violation of his right to a speedy trial, states:

> Appellant was arrested on the charges in case number 2020 CR 1580 on April 3, 2020. Counsel filed a motion to dismiss on October 18, 2023. He had been in jail for 1291 days.[3] Far past the 270 days allowed in the speedy trial statute. Appellant has repeatedly stated his counsel did not have his permission to waive his right to a speedy trial. Counsel repeatedly signed the waiver to right to speedy trial.

(Appellant's Brief at 23.) This court has rejected similar arguments, and we do so again now.

{¶ 30} As relevant here, speedy-trial time is tolled by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H). A continuance granted upon the joint motion of the parties tolls time pursuant to R.C. 2945.72(H), because the motion is made, in part, by the defendant. *State v. Watson*, 2013-Ohio-5603, ¶ 19 (10th Dist.). Under R.C. 2945.72(H), only continuances requested solely by the state or granted sua sponte by the trial court must be reasonable to toll the statutory time limit. *Id.*, citing *State v. Kist*, 2007-Ohio-4773, ¶ 35 (11th Dist.).

{¶ 31} Tolling speedy-trial time under R.C. 2945.72(H) is not dependent on a defendant's consent to his counsel's request for a continuance. *See State v. Parker*, 1990 Ohio App. LEXIS 2079, *6 (10th Dist. May 24, 1990) ("Defense counsel should be given the

---

[3] This is a misstatement, as Woodley was released on bond for a significant portion of this time.

latitude to bind defendant to the extension requested by his counsel without his consent . . . ."). In *State v. Brime*, 2009-Ohio-6572 (10th Dist.), this court rejected the defendant-appellant's argument that continuances executed by his counsel without his consent should not be charged to him. We stated, " 'A defendant's right to be brought to trial within the time limits expressed in R.C. 2945.71 may be waived by his counsel for reasons of trial preparation[,] and the defendant is bound by the waiver even though the waiver is executed without his consent.' " *Brime* at ¶ 17, quoting *State v. McBreen*, 54 Ohio St.2d 315 (1978), syllabus. *See also State v. Pilgrim*, 2009-Ohio-5357, ¶ 43 (10th Dist.) ("Although defendant did not personally agree to a continuance or waive his right to [a] speedy trial for that period of time, his attorney did so on his behalf."); *State v. Matthews*, 2007-Ohio-4881, ¶ 30 (1st Dist.) (defense counsel's waiver "binds the defendant even if it was executed without the defendant's consent"). Both the Supreme Court of Ohio and this court have further held that time is tolled even when the defendant expressly objects to a reasonable continuance requested by his or her attorney. *State v. Taylor*, 2002-Ohio-7017, ¶ 33; *State v. Hill*, 2010-Ohio-1687, ¶ 13 (10th Dist.); *State v. Glass*, 2011-Ohio-6287, ¶ 17 (10th Dist.) ("It is well established that a defendant is bound by the actions of counsel in waiving speedy trial rights by seeking or agreeing to a continuance, even over the defendant's objections."), citing *State v. McQueen*, 2009-Ohio-6272, ¶ 37 (10th Dist.).

{¶ 32} For these reasons, we agree with the state that each of the continuances signed by Woodley's counsel tolled the time in which the state was required to bring Woodley to trial under R.C. 2945.71(C)(2). Because the state met its burden to prove that time was sufficiently tolled, we overrule Woodley's fourth assignment of error with respect to its assertion of a statutory speedy-trial violation. *See Mixon*, 2009-Ohio-5024, at ¶ 6; *Watson*, 2013-Ohio-5603, at ¶ 15.

{¶ 33} We likewise overrule Woodley's fourth assignment of error as it relates to his claim of a constitutional speedy-trial violation. Although the Supreme Court has stated that the statutory and constitutional guarantees of a speedy trial are coextensive, it has also stated that "the constitutional guarantees may be found to be broader than [the] speedy trial statutes in some circumstances." *State v. O'Brien*, 34 Ohio St.3d 7, 9 (1987). Thus, a claimed constitutional violation must be analyzed separately from a claimed statutory

violation. *State v. Knott*, 2024-Ohio-2289, ¶ 19 (2d Dist.), citing *State v. Frazier*, 2023-Ohio-4222, ¶ 6 (9th Dist.).

{¶ 34} In *Barker* 407 U.S. at 530, the United States Supreme Court set out four factors for courts to consider when evaluating whether a defendant's constitutional right to a speedy trial was violated: (1) the length of the pretrial delay, (2) the reason for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) whether the defendant was prejudiced by the delay. *See also State v. Triplett*, 1997-Ohio-182 (applying the *Barker* four-part test). A court must balance these factors as part of the totality of the circumstances; no one factor is controlling. *Barker* at 530. Nevertheless, the first factor—the length of the delay—"is to some extent a triggering mechanism." *Id.* Until there has been some delay that is presumptively prejudicial, a court need not inquire into the remaining factors. *Id.* The *Barker* analysis is only triggered once a defendant has demonstrated a presumptively prejudicial delay. *Doggett v. United States*, 505 U.S. 647, 651 (1992). A delay is generally considered presumptively prejudicial as it approaches one year. *State v. Watson*, 2013-Ohio-5603, ¶ 27 (10th Dist.), citing *State v. Miller*, 2005-Ohio-518, ¶ 12 (10th Dist.).

{¶ 35} In his motion to dismiss, Woodley alleged that "the State has violated [his] statutory and constitutionally guaranteed right to a speedy trial" under R.C. 2945.71 and 2945.73 and the Sixth Amendment to the United States Constitution. (Oct. 18, 2023 Def.'s Mot. to Dismiss; Mot. to Sever Cases 20CR-1580 and 20CR-5528 at 1.) Woodley stated there had been 27 continuances "done by counsel without [Woodley's] authorization to waive his speedy trial rights." *Id.* at 3. Although Woodley mentioned the constitutional protections guaranteed by the Sixth Amendment, as well as the factors that a court must consider when addressing a constitutional speedy-trial claim, his argument was primarily that the state failed to bring him to trial within 270 days, as required by R.C. 2945.71(C)(2).

{¶ 36} Woodley's appellate brief contains no argument applying the *Barker* test that governs constitutional speedy-trial violations to the facts of this case. Yet even were we to address whether Woodley's constitutional right to a speedy trial was violated, we would conclude it was not. Although the lengthy delay in case Nos. 20CR-1580 and 20CR-5528 was sufficient under the first *Barker* factor to trigger an inquiry into the other *Barker* factors, *see State v. Smith*, 2021-Ohio-1936, ¶ 38 (10th Dist.) ("Generally, delay is

presumptively prejudicial as it approaches one year."), citing *State v. Keaton*, 2017-Ohio-7036, ¶ 9 (10th Dist.), the remaining factors weigh, on balance, more heavily in favor of the state.

{¶ 37} The second *Barker* factor—the reason for the delay—" 'is concerned with whether the government or the defendant is more to blame for the delay.' " *State v. Dennison*, 2013-Ohio-5535, ¶ 36 (10th Dist.), quoting *State v. Quinnie*, 2013-Ohio-1208, ¶ 14 (10th Dist.). As we have discussed in relation to Woodley's claim of a statutory speedy-trial violation, most of the delay in this case related to continuances requested either by Woodley's counsel alone or by joint motion of Woodley's counsel and the prosecution. This court has held that, even when delay is sufficient to trigger a constitutional speedy-trial analysis, continuance entries alone may defeat such a claim. *State v. Bias*, 2022-Ohio-4643, ¶ 152 (10th Dist.), citing *State v. Williams*, 2020-Ohio-269, ¶ 50-53 (8th Dist.). Other delays were caused by Woodley's suppression motions, requests for new counsel, and court closures due to COVID-19. Woodley identifies no portion of the delay that is attributable to the government's neglect. *See Triplett* at ¶ 18 ("Only the portion of the delay which is attributed to the government's neglect is to be weighed in a defendant's favor."), citing *Doggett*, 505 U.S. at 658. The reason-for-delay factor weighs strongly against finding a constitutional violation. *See State v. Brown*, 2026-Ohio-1622, ¶ 25 (10th Dist.); *State v. Diallo*, 2025-Ohio-5812, ¶ 16 (10th Dist.) ("[W]e find that appellant shares responsibility for the delay and we do not find deliberate delay or particular neglect attributable to the state here.").

{¶ 38} The third *Barker* factor involves Woodley's assertion of his right to a speedy trial. "Generally, when the defendant has filed a motion to dismiss based on speedy trial violations, courts will weigh the third *Barker* factor in the defendant's favor." *Watson*, 2013-Ohio-5603, at ¶ 29. Woodley filed his motion to dismiss for speedy-trial violations on October 18, 2023, but Woodley's counsel had previously informed the trial court on April 5, 2023 of Woodley's concerns that his speedy-trial rights had been violated. Woodley also raised the issue of his speedy-trial rights at a hearing on September 25, 2023, as part of his request to discharge his counsel. Woodley has consistently maintained the position that his speedy-trial rights have been violated and has, for the most part, refused to sign

continuance entries and waivers of his speedy-trial rights since late 2022. This factor weighs in Woodley's favor.

{¶ 39} The fourth *Barker* factor is prejudice to the defendant. "In assessing prejudice in this context, we consider the specific interest the right a speedy trial was designed to protect: oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the defendant's defense will be impaired by dimming memories and loss of exculpatory evidence." *Quinnie* at ¶ 16, citing *Doggett* at 654 and *State v. Walker*, 2007-Ohio-4666, ¶ 32 (10th Dist.). Woodley was released on bond five days after his arrest in case No. 20CR-1580; it was only because of his subsequent arrests on additional drug charges that Woodley was eventually held in jail pending trial. And Woodley has not, in either the trial court or on appeal, presented any argument or pointed to anything in the record to support a finding of any particularized prejudice because of pretrial delay. *See Walker* at ¶ 34.

{¶ 40} After balancing the *Barker* factors, we conclude that Woodley was not deprived of his constitutional right to a speedy trial. Thus, as with respect to his claim of a statutory speedy-trial violation, we overrule Woodley's fourth assignment of error as it relates to a constitutional speedy-trial violation.

{¶ 41} Finally, we turn to Woodley's first assignment of error, in which he asserts that he received constitutionally ineffective assistance of counsel. Ohio courts apply the standard for judging ineffective-assistance claims set out in *Strickland v. Washington*, 466 U.S. 668 (1984). *State v. Burke*, 2002-Ohio-5310, ¶ 5. A defendant claiming ineffective assistance of counsel "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland* at 687-688. If the defendant establishes that counsel's assistance was deficient, the defendant must then also show that counsel's ineffective representation prejudiced his case: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See also, State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694. When applying the *Strickland* standard, a reviewing court must apply "a heavy measure of deference to counsel's judgments," *Strickland* at 691, and "indulge a strong presumption

that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.

{¶ 42} Woodley argues that his counsel was ineffective by failing to file a motion to dismiss on speedy-trial grounds and by signing continuances without Woodley's permission. To demonstrate that counsel was ineffective for failing to file a motion to dismiss for speedy-trial violations, "the defendant must show that the motion would have been successful and the case would likely have been dismissed." *S. Euclid v. Schutt*, 2020-Ohio-3661, ¶ 13 (8th Dist.), citing *Cleveland v. White*, 2013-Ohio-5423, ¶ 7 (8th Dist.). Woodley's counsel did file a motion to dismiss on speedy-trial grounds, on October 18, 2023, and the trial court conducted an evidentiary hearing on that motion before denying it. To the extent Woodley maintains his counsel should have filed a motion to dismiss sooner than October 18, 2023, he does not demonstrate that counsel's failure to do so fell below an objective standard of reasonable representation. Even if he could establish that counsel's failure to act sooner in filing a motion to dismiss, Woodley could not establish prejudice from counsel's inaction, in light of the trial court's conclusion that there had been no speedy-trial violation in its decision denying the October 18, 2023 motion.

{¶ 43} Woodley also has not demonstrated that his counsel's signing of continuances and waivers of speedy-trial time were ineffective. Woodley acknowledges that counsel may sign continuances without the defendant-client's consent, but he maintains that the only reason an attorney may do so is for trial preparation. In *McBreen*, the Supreme Court of Ohio concluded that counsel had the authority to execute waivers of speedy-trial time "for the purpose of trial preparation and that appellant [was] bound by those waivers." *McBreen*, 54 Ohio St.2d at 319. The Supreme Court did not define "trial preparation," nor did it suggest that trial preparation was the *only* basis for a continuance that a defendant would be bound by. Indeed, the Supreme Court cited with approval *Townsend v. Superior Court of Los Angeles*, 15 Cal.3d 774 (1975), in which the Supreme Court of California held the defendant to continuances requested by defense counsel, over the defendant's objection, for defense counsel's inability to adequately prepare, for defense counsel's trial-date conflict, and for a court-calendar conflict. *See also Taylor*, 2002-Ohio-7017, at ¶ 36 (holding that counsel could validly waive the defendant's right to a speedy trial without his consent to consider motions filed on the defendant's behalf). Woodley does not

challenge the reasonableness of any continuance executed by his counsel and does not establish that the signing of those continuances, even without Woodley's consent, fell below an objective standard of reasonableness. Furthermore, Woodley presents no argument to establish the existence of prejudice, as required under *Strickland*. Accordingly, we overrule Woodley's first assignment of error.

## IV. CONCLUSION

{¶ 44} Having overruled all of Woodley's assignments of error, we affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

JAMISON and LELAND, JJ., concur.